UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:14-mj-00052 CMK |
| Plaintiff, | |
| | MEMORANDUM OF |
| | OPINION AND JUDGMENT |
| Jerry Lockhart | |
| Defendant. | |
| _____ | |

    This case came on regularly for trial on April 28, 2015, at the United States District Court in Redding, California, the Honorable Craig M. Kellison, United States Magistrate Judge, presiding; the United States appeared by and through Special Law Enforcement Officer, Chad Krogstad, of the Shasta-Trinity National Forest, Rule 180 Prosecutor; and the defendant, Jerry Lockhart, appeared by and through, court appointed counsel, Adam Ryan.

    The defendant is charged with violating 36 C.F.R. §§ 261.52(a) and 261.52(d) which provides as follows:

§ 261.52 Fire.

*When provided by an order, the following are prohibited:*

1

*(a) Building, maintaining, attending or using a fire, campfire, or stove fire.*

(b) Using an explosive.

(c) Smoking.

*(d) Smoking, except within an enclosed vehicle or building, a developed recreation site, or while stopped in an area at least three feet in diameter that is barren or cleared of all flammable material.*

(e) Going into or being upon an area.

(f) Possessing, discharging or using any kind of firework or other pyrotechnic device.

(g) Entering an area without any firefighting tool prescribed by the order.

(h) Operating an internal combustion engine.

(i) Welding, or operating an acetylene or other torch with open flame.

(j) Operating or using any internal or external combustion engine without a spark arresting device that is properly installed, maintained, and in effective working order in accordance with U.S. Forest Service Standard 5100–1.

(k) Violating any state law specified in the order concerning burning, fires or which is for the purpose of preventing, or restricting the spread of fires.

The incident stems from a contact made by Forest Service Law Enforcement Officer Torry Smith [Smith] and the defendant Jerry Lockhart [Lockhart] on July 12, 2014. Lockart was found camping on the shore of Shasta Lake within the Shasta-Trinity National Forest located within the Eastern District of California.

Smith testified that he observed an abandoned campfire near Lockhart's camp. When Smith first approached Lockhart, he was observed smoking a cigarette. Govt. Ex. 3   Smith also located numerous cigarette butts on the ground near and around the campsite. Smith asked Lockhart if he had maintained a fire and Lockhart responded that he had burned some logs a few days prior. On cross-examination, however, Smith was unsure whether Lockhart told him that the burning occurred two days earlier or possibly two weeks earlier.

The Forest Service introduced Gov. Ex. 7, Forest Order No. 14-14-02 [Forest Order], which prohibited "[s]moking" or "[b]uilding, maintaining, attending or using a fire, campfire . . . (within the Shasta-Trinity National Forest), except: (a) in the Developed Recreation Sites listed in Exhibit A; (b) in the Designated Fire Safe Sites listed in Exhibit B, and (c) within 10 feet of  Shasta Lake . . . provided that the area is at least fifty feet from any vegetation." This Forest Order became effective on June 17, 2014, several weeks before Smith's contact with Lockhart. None of the

exceptions found in subsections (a), (b) or (c) of the Forest Order are applicable to the fire allegedly maintained by Lockhart or to the location where he was observed smoking.

    As mentioned during trial, this court must find the defendant guilty of each offense beyond a reasonable doubt. Upon the completion of Smith's testimony, it was obvious beyond a reasonable doubt that Lockhart was found smoking on the day in question in violation of the Forest Order and the court finds him guilty thereof.

    Arriving at the conclusion that the defendant built or maintained a fire after June 16, 2014 beyond a reasonable doubt is not as easy. The Forest Service argues that even if Smith was told by Lockhart that the fire was started several weeks earlier, it would still have been subsequent to the effective date of the Forest Order. The court cannot dispute the logic in this argument, but cannot conclude beyond a reasonable doubt that the burning did not occur before the effective date of the Forest Order. For this reason, the court finds the defendant not guilty of violating § 261.52(a), building or maintaining a fire.

## CONCLUSION

The court finds that the defendant is guilty of violating 36 C.F.R. § 261.52(d) smoking within National Forest System lands when prohibited by Forest Order, and not guilty of violating 36 C.F.R. § 261.52(a) building or maintaining a fire on National Forest System lands when prohibited by Forest Order..

**This Court intends to impose the following judgment**.

    (1) That the defendant Lockhart be placed on informal probation for a period of three years.

    (2) That during the term of probation, defendant Lockhart shall comply with the standard conditions of probation as follows:

    (a)    shall not commit another federal, state or local crime; and

    (b)    shall notify the probation officer within seventy-two hours of any change in residence or employment.

    (3) That during the term of probation defendant Lockhart shall not enter any federal lands,

including, but not limited to Whiskeytown National Recreational Area (other than driving nonstop through said area via State Highway 299), Shasta-Trinity, Klamath, Lassen and Plumas National Forests, and all Lands supervised by the Bureau of Land Management for any type of recreational purposes, including, but not limited to camping, day trips, picnicking and wood gathering.

(4) The defendant is ordered to pay a fine in the sum of $ 340.00, plus a $ 10.00 special assessment pursuant to 18 U.S.C. § 3013 for a total fine of $ 350.00.

Pursuant to Rule 58(g)(2)(13) and Rule 32(j) of the Federal Rules of Criminal Procedure, the defendant has the right to appeal the judgment of conviction and/or sentence to the United States District Court within ten (10) days of the entry of this Judgment. You must file your Notice of Appeal with the Clerk of the United States District Court, Eastern District of California, 501 "I" Street, Sacramento, California 95814. You are further advised that if you are unable to pay the costs of appeal, you may seek permission to appeal in forma pauperis.

Pursuant to Rule 58(c)(3) of the F.R.Crim.P., you may appear on June 9, 2015, at 11:00 a.m. to be heard in mitigation of the proposed sentence to be imposed by this Court. In the event that you desire to waive said right to be heard, or by choosing not to appear on the date and time given, the conditions of this proposed judgment, as set forth above shall be adopted and become the judgment of the Court.

DATED: May 14, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE